UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMILAH MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01063-JRS-TAB |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**I.   Introduction**

Plaintiff Jamilah McCray, proceeding *pro se*, brings claims against her former employer, Defendant Target Corporation, for race and religious discrimination, unlawful retaliation, hostile work environment, and wrongful termination under Title VII of the Civil Rights Act of 1964. She also sues Defendant for "wage theft and improper garnishment." [Filing No. 1, at ECF p. 11–14.]  Plaintiff seeks a protective order as to Defendant's discovery requests regarding her private social media posts, arguing the requests are overbroad in terms of subject matter and time.  For the reasons stated below, the Court denies Plaintiff's motion for a protective order [Filing No. 46] as it concerns the subject matter of Defendant's social media discovery requests but grants the motion to clarify that Plaintiff need only produce responsive social media content from January 1, 2024, to the present.

**II.   Background**

On October 25, 2025, Plaintiff filed a series of objections to Defendant's requests for production and moved for a protective order.  [Filing No. 36.]  The Court denied that motion, noting there was no indication Plaintiff had attempted to confer in good faith with Defendant's

counsel regarding the discovery-related issues, as required by S.D. Ind. L.R. 37-1.  [Filing No. 37.]

On December 8, 2025, the parties appeared for a telephonic status conference, during which the Court made the following discovery rulings:

> (1) Plaintiff must produce applications in her possession for jobs for which she has applied since her termination by Defendant; (2) Plaintiff must produce screen shots of her social media accounts over the past four years that specifically refer to Defendant or relate to any claim or defense at issue in this case; (3) the parties shall attempt to reach a stipulation as to the scope of Plaintiff's claim for emotional distress and any related discovery; and (4) Defendant shall treat Plaintiff's statement filed on December 1, 2025, at Filing No. 43 as a discovery request.

[Filing No. 45, at ECF p. 1.]

A week later, on December 14, 2025, Plaintiff filed another motion for a protective order. [Filing No. 46.]  In the latest motion, Plaintiff asks the Court to limit the scope of Defendant's social media discovery requests.  At issue are an interrogatory and request for production, reproduced below:

> **INTERROGATORY NO. 7**: Identify each and every social networking account and blog you maintain, including, but not limited to, accounts on Facebook, LinkedIn, Twitter, Instagram, TikTok, or any other page or account created and/or maintained by you on any internet-based social networking or communication site in the last four (4) years used to post any information related to: (1) Defendant; (2) communications with current and/or former employees of Defendant, including but not limited to text messages; (3) your claims in this lawsuit; (4) allegations and/or damages in this matter; and/or (5) your job search efforts. For each such account, identify the email address associated with the login, the username utilized by you, and each message related to categories (1)-(5) of this Interrogatory.
>
> **REQUEST NO. 20**: All social media posts, messages, and photos you posted, commented, sent, or received on any social networking website (e.g., Facebook, Twitter, Instagram, LinkedIn) concerning Defendant or the claims you assert in your Complaint.

[Filing No. 47-1, at ECF p. 6; Filing No. 47-2, at ECF p. 9.]

Plaintiff objects to these social media discovery requests as overbroad in terms of subject matter and time.  She requests that the Court limit Defendant's requests to: (1) "posts directly referencing [Defendant], the workplace events, or emotional distress Plaintiff explicitly tied to [Defendant]," to exclude "spiritual, religious, symbolic, dream-based, or unrelated personal conduct"; and (2) "posts between January 1, 2024 and August 31, 2024."  [Filing No. 46, at ECF p. 8.]

### III.  Discussion

Parties may seek discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Private social media content is not immune from discovery.  See *In re Cook Medical, Inc.*, No. 1:14-ml-2570-RLY-TAB, 2017 WL 4099209, at *5 (S.D. Ind. Sept. 15, 2017) ("The Court may compel private social media data when the seeking party shows it is relevant and proportional to the needs of the case.").

####   a.  Subject Matter

Plaintiff argues the subject matter of Defendant's discovery requests is overbroad in two respects.  First, Plaintiff objects to Defendant's request for social media content showing "general emotional states."  [Filing No. 46, at ECF p. 7.]  Defendant, however, made clear it its response brief that the social media discovery requests do not seek any information related to Plaintiff's emotional distress damages.  [Filing No. 47, at ECF p. 5–6.]  Instead, Defendant represents it has made a separate request for information regarding Plaintiff's mental health treatment and records.  The Court reiterates its December 8, 2025, order: the parties shall attempt to reach a stipulation as to the scope of Plaintiff's claim for emotional distress and any related discovery.  In the event

of any further dispute, the parties shall follow Local Rule 37-1's requirements prior to seeking the Court's intervention.[1]

Second, Plaintiff appears to object to Defendant's requests for social media posts involving "spiritual, religious, symbolic, dream-based, or unrelated personal content." [Filing No. 46, at ECF p. 8.] As the Court understands it, Defendant's social media discovery requests do not generally seek any post Plaintiff has made of a spiritual or religious nature. Rather, to the extent they exist, Defendant seeks Plaintiff's "social media posts [that] link Target and [her] religious beliefs" because they would be "highly relevant to the basis for why she believes Defendant discriminated against her." [Filing No. 47, at ECF p. 4–5.] Indeed, Plaintiff alleges in her complaint that she "endured discriminatory treatment based on . . . perceived religious or spiritual beliefs." [Filing No. 1, at ECF p. 9.] More specifically, she alleges that "[c]oworkers and supervisors . . . made unsolicited and inappropriate comments about [her] spiritual tattoos, implying negative judgments about her beliefs" and creating a "hostile and isolating work environment." [Filing No. 1, at ECF p. 9.] These allegations support the relevance of Plaintiff's social media posts that connected Target and her religious or spiritual beliefs. By bringing a hostile work environment claim, Plaintiff put her subjective beliefs about the reason for and nature of her alleged harassment at play. See *Johnson v. Advocate Health & Hospitals, Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (explaining that, to sustain a hostile work environment claim, plaintiffs must show "(1) they were subject to unwelcome harassment; (2) the harassment was

---

[1] "Prior to involving the court in any discovery dispute . . . the parties must confer in a good faith attempt to resolve the dispute. . . . In the event that the discovery dispute is not resolved at the conference, a party may file a motion to compel or other motion raising the dispute. Any motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement." S.D. Ind. L.R. 37-1(a)–(b).

based on their [religion]; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability"). Defendant's content-limited social media requests are therefore relevant and proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1). Plaintiff's motion for a protective order is denied as it concerns the subject matter of Interrogatory No. 7 and Request No. 20.

### b. Time

Plaintiff also argues that Defendant's discovery requests are overbroad and unduly burdensome because they seek four years of her social media content even though she began working for Defendant in early January 2024. While Interrogatory No. 7 does ask Plaintiff to identify certain categories of social media posts made within the past four years, Request No. 20 contains no explicit time limitation. Regardless, both the interrogatory and request for production are worded such that they are "inherently limited by the time Plaintiff had contact with Defendant and its employees and by the time she was employed by them." *Appler v. Mead Johnson & Co., LLC*, No. 3:14-CV-166-RLY-WGH, 2015 WL 5615038, at *3 (S.D. Ind. Sept. 24, 2015). Defendant admits as much. [Filing No. 47, at ECF p. 4.] As such, Plaintiff is likely only to find responsive social media content from the beginning of her employment with Defendant to the present and should focus her production efforts on that time frame. Plaintiff's motion for a protective order is therefore granted in part to clarify that she need only produce responsive social media content from January 1, 2024, to the present.

Finally, the Court recognizes that Plaintiff, as a *pro se* litigant, may lack the resources of a represented party to efficiently respond to discovery requests. While *pro se* litigants are not excused from compliance with procedural rules (including deadlines), *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), the parties are encouraged to collaborate and find ways

5

to reduce any discovery-related burdens or expenses. *See, e.g.*, *Allen v. PPE*, 543 F. Supp. 3d 91, 96 (D. Md. 2021) (discussing Facebook's built-in tool to download user's data).

### IV.  Conclusion

For the foregoing reasons, Plaintiff's motion for a protective order [Filing No. 46] is granted in part and denied in part.

Date: 1/22/2026

*[signature]*

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JAMILAH MCCRAY
7777 Forest Lane
Suite C-A94 PMB 10007
Dallas, TX 75230